UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. GALINA PHELPS,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                    Case No. 1:18-CV-208

KENT ENGLE,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff initiated this action on February 28, 2018, against Kent Engle.[1] (ECF No. 1). As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] While not clearly stated in Plaintiff's brief complaint, judging from the assertions therein, as well as the assertions in another case Plaintiff filed the same day, *Phelps v. Payutte*, 1:18-cv-207 (W.D. Mich.), Plaintiff has asserted this action against the Honorable Kent D. Engle, a Circuit Judge sitting on the Ottawa County 20th Circuit Court.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In her one-page complaint, Plaintiff asserts that she has initiated the present action because Judge Engle engaged in "obstruction of justice."   Specifically, Plaintiff alleges that Judge Engle: (1) refused to allow Plaintiff to represent herself[2]; (2) approved a fraudulent document; (3) refused to receive evidence regarding the aforementioned fraudulent document; and (4) declined to dismiss a lawyer from Plaintiff's case.

Plaintiff's complaint must be dismissed for at least three reasons.   First, Plaintiff has

---

[2] Plaintiff has failed to describe or identify the nature of the proceeding to which this allegation refers.   However, a review of Plaintiff's aforementioned companion case reveals that this was a state court action regarding her parental rights.

2

failed to allege facts sufficient to state a claim.  Second, Judge Engle is entitled to judicial immunity from Plaintiff's claims.  *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007).  Finally, this Court lacks jurisdiction to review final judgments of state court judicial proceedings.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 12, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge